## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 23, 2016                519739
_____

In the Matter of LAWRENCE WARD
    JR.,
                    Respondent,

        v                                MEMORANDUM AND ORDER

DESIREE JEAN FEULNER,
                        Appellant.

(And Other Related Proceedings.)
_____

Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Justin C. Brusgul, Voorheesville, for appellant.

        Elena Jaffe Tastensen, Saratoga Springs, for respondent.

        Michael S. O'Dell, Glens Falls, attorney for the child.

_____

Lahtinen, J.

        Appeal from an order of the Family Court of Saratoga County
(Hall, J.), entered July 17, 2014, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody and
visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son born in 2005.
They have joint legal custody and the mother has primary physical
custody of the child.  Family Court noted that the parties were
well known to it since they have filed 23 petitions during the

young child's life.  In April 2013, Family Court issued an eight page, single-space order with 29 numbered paragraphs (plus subparagraphs) attempting to specifically address all aspects of custody and parenting time.  Within four months, the father filed a petition and, by the time of the March 2014 hearing (less than a year from entry of the prior order), the parties had filed eight petitions.

Efforts to resolve the disputed issues prior to the hearing were – not surprisingly – unsuccessful.  Family Court stated that it would consider some changes to the order after each party had an opportunity to set forth his/her position and proposed changes.  Neither party objected to this procedure.  After hearing the positions of each party, as well as the position of the attorney for the child, and noting the results of a psychological evaluation of the child that had been conducted, Family Court made minor clarifications and changes that, among other things, required each party to complete a child custody stress prevention course and modestly expanded the father's parenting time.  The mother appeals.

We affirm.  The mother contends that there was not a change in circumstances to warrant modification of the prior order and that such modification was not in the best interests of the child.  Initially, we note that, contrary to her current position, the mother claimed in one of her several petitions before Family Court that circumstances had, in fact, changed (see Matter of Wiedenkeller v Hall, 37 AD3d 1033, 1034 [2007], lv denied 8 NY3d 816 [2007]).  In any event, it is apparent from the parties' history, which was fully known to Family Court, as well as from the child's psychological evaluation, that the parties' escalating and ongoing disagreements were having a negative impact on the child, constituting a change in circumstances to warrant an inquiry into the best interests of the child (see e.g. Matter of D'Angelo v Lopez, 94 AD3d 1261, 1262 [2012]).  The court's minor modifications were urged in part by the attorney for the child and were directed toward, among other things, tightening the provisions of the prior order with the aspiration of reducing parental conflict, which would clearly be in the best interests of this child, who was experiencing undue and unnecessary stress because of the parties' actions (see e.g.

Matter of Clary v McIntosh, 117 AD3d 1285, 1286 [2014]; Barbara ZZ. v Daniel A., 64 AD3d 929, 932-933 [2009]). Although the hearing was conducted in an informal manner, no party requested otherwise or objected at the hearing, and the combination of atypical factors present herein permit this matter to fall within the narrow exception to the general requirement of a plenary hearing in child custody proceedings (see S.L. v J.R., ___ NY3d ___, ___, 2016 NY Slip Op 04442, *3 [2016]).

Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court