Matter of Michael Q. v Peggy Q. (2020 NY Slip Op 00335)





Matter of Michael Q. v Peggy Q.


2020 NY Slip Op 00335


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

526773

[*1]In the Matter of Michael Q., Petitioner,
v
Peggy Q., Appellant. (And Another Related Proceeding.)

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Samantha H. Miller, Schenectady, for petitioner.
Veronica M. Gorman, Binghamton, attorney for the children.



Colangelo, J.
Appeal from an order of the Family Court of Tioga County (Keene, J.), entered May 3, 2018, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of the two subject children (born in 2002 and 2008).[FN1] Pursuant to a January 2016 order, the parties were granted joint legal custody of the children, with the father having primary physical custody of the older child and the parties sharing physical custody of the younger child on an alternating one-week schedule. That order was modified in July 2016 to provide that the primary residence of the older child would be with the mother. The orders further provided that holiday visitation was to be shared as agreed to by the parties and as desired by the children, and for additional visitation as agreed to by the parties and as desired by the children. In October 2017, the father filed a petition to modify the custody arrangement, specifically seeking sole legal and physical custody of the children. In December 2017, the mother filed a violation petition, alleging that the father had refused to permit her to see the children for several weeks during the months of October and November 2017, in violation of the custody orders.
Family Court conducted a fact-finding hearing and a Lincoln hearing, after which the court, finding that the father had established a change in circumstances, determined that it was in the best interests of the children to award primary physical custody of them to the father, with the mother having parenting time with the younger child from 6:30 p.m. Saturdays to 6:30 p.m. Sundays, with such other parenting time as agreed between the parties. The court continued the joint legal custody arrangement and also dismissed the mother's violation petition. The mother appeals.
"Initially, the party seeking to modify an existing order of custody bears the threshold burden to show a change in circumstances since entry thereof warranting an inquiry into the child[ren]'s best interests" (Matter of Ryan XX. v Sarah YY. 175 AD3d 1623, 1624 [2019] [internal quotation marks and citations omitted]; see Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1556-1557 [2019]). As Family Court found, the mother did not properly supervise the older child, then 16 years old, while he was with his girlfriend. Soon thereafter, the older child left the mother's residence to live with the father, and he has yet to return. The younger child is also residing with the father — initially with the mother's consent — and refuses to reside with the mother. Thus, contrary to the provisions of the custody orders, the children have been residing with the father for several months before his instant petition was filed. In these circumstances, Family Court properly found that the father established a change in circumstances.
Having established the requisite change in circumstances, our inquiry turns to what custodial arrangement is in the best interests of the children. In making such determination, "[t]he pertinent factors to be considered are maintaining stability in the child[ren]'s li[ves], the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child[ren]'s intellectual and emotional development" (Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1171 [2019] [internal quotation marks and citations omitted]; see Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1039 [2018]). Family Court's factual findings, particularly when based, as here, upon the evaluation of witness credibility, will not be disturbed as long as they have a sound and substantial basis in the record (see Matter of Richard GG. v M. Carolyn GG., 169 AD3d at 1171-1172).
We find that Family Court properly credited the testimony of the father as to the environment and routine provided for the children, both of whom have been living with him since October 2017. The father testified that he is employed as a janitor at a local high school during the school year, with hours from 7:00 a.m. to 4:00 p.m., and drives the younger child to school on the way to work and picks him up from school after work each day. The father has also set appropriate ground rules for the occasional nights when the older child's girlfriend stays at his house. In addition, he has an open-door policy whereby the children can visit with the mother whenever they wish, and has done nothing to inhibit their relationship with her. Indeed, Family Court found that the father has sought to nurture the relationship between the children and the mother, an important factor in any custody decision (see Matter of Charles AA. v Annie BB., 157 AD3d at 1039; Matter of Emmanuel SS. v Thera SS., 152 AD3d 900, 901 [2017], lv denied 30 NY3d 905 [2017]).
Testimony adduced at the hearing also established that the father provides a more stable living environment for the children, particularly the younger child, than the children experienced at the mother's home. In addition to the daily pick-up and drop-off from school, the father has enrolled the younger child in enjoyable summer recreational programs and has provided intellectual and emotional development for the children, as evidenced by their satisfactory performance in school, the older child maintaining a part-time job and the younger child's increased willingness to include the mother in his life. Family Court credited the father's testimony that he has encouraged the children to have contact and to visit with the mother whenever they seek to do so.
Although not dispositive (see Matter of Dwayne S. v Antonia T., 170 AD3d 1451, 1452 [2019]), we note that the attorney for the children supported Family Court's award of primary physical custody to the father. Further, although the wishes of the children are "entitled to great weight, [they] should not dictate the result of a custodial determination" (Matter of Richard GG. v M. Carolyn GG., 169 AD3d at 1171 [internal quotation marks, brackets and citations omitted]; Matter of McGovern v McGovern, 58 AD3d 911, 915 [2009]). The record reflects that Family Court gave due consideration to the children's preferences. Based upon the foregoing, and giving due deference to the findings of Family Court, the determination to award primary physical custody of the children to the father is supported by a sound and substantial basis in the record.
Garry, P.J., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The parties' third child is not involved in these proceedings as she turned 18 years old a few months before the father filed his modification petition.