Matter of Martyna B. v Marlo M. (2020 NY Slip Op 04001)





Matter of Martyna B. v Marlo M.


2020 NY Slip Op 04001


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Oing, Singh, JJ.


11843 Dkt. V-05613-13/18H

[*1] In re Martyna B., Petitioner-Appellant,
v
Marlo M., Respondent-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for respondent.
Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), attorney for the child.



Order, Family Court, Bronx County (Aija M. Tingling, J.), entered on or about March 22, 2019, which granted respondent-father's motion to dismiss the mother's petition seeking modification of a custody order, unanimously affirmed, without costs.
The record supports the court's decision to grant the father's motion to dismiss at the conclusion of the mother's case. Modification of the custody order was not warranted due to the mother's failure to demonstrate a substantial change in circumstances that negatively impacted the child's best interests (Matter of Nava v Kinsler, 85 AD3d 1186 [2d Dept 2011], lv denied 17 NY3d 714 [2011]). The mother failed to prove her allegations that the father committed excessive corporal punishment against the child, that he committed acts of domestic violence against his ex-wife in the child's presence, that the father had pending criminal cases against him for violations of orders of protection, or that the father's living situation was less stable than the mother's. The mother admitted that the report of child maltreatment against the father was determined to be "unfounded" by the Administration for Children's Services.
Finally, the mother claimed that the father failed to consistently produce the child for visits as required by the 2015 custody order entered on the parties' consent. However, her testimony was unclear as to the dates of alleged missed visits. Moreover, she admitted that the parties frequently agreed to informal oral modifications to the order as to the logistics of pick up and drop off for visitation, and that her definition of "on time" for pick ups included the grace period permitted under the order. In addition, the mother testified that she missed most of her visits for the entire time that the custody order had been in place, but she did nothing about the father's alleged failure to produce the child, except for one prior petition, which she withdrew in 2017, until filing the instant modification petition. Under these circumstances, the mother failed to show that her missed visits were due to the father's interference rather than to the parties' [*2]informal agreements to modify visitation, in which she acquiesced, or to other factors that did not constitute changed circumstances requiring a change in custody in the child's best interests.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK