Matter of Christina E. v Clifford F. (2021 NY Slip Op 06722)





Matter of Christina E. v Clifford F.


2021 NY Slip Op 06722


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

529073
[*1]In the Matter of Christina E., Respondent,
v
Clifford F., Appellant. (And Another Related Proceeding.)

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

John W. Hillman, Valatie, for appellant.
Shane Zoni, Public Defender, Hudson (Jessica D. Howser of counsel), for respondent.
Pamela J. Joern, East Chatham, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Columbia County (Koweek, J.), entered July 30, 2020, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2014). Prior to the commencement of these proceedings, the parties lived together with the child and her three maternal half siblings in the Town of New Lebanon, Columbia County. After the parties separated in February 2018, the mother relocated to the Town of Berlin, Rensselaer County with the maternal half siblings, and the father stayed in New Lebanon. The child split her time between the parties' homes following their separation.
In October 2018, the mother filed a petition seeking joint legal and primary physical custody of the child.[FN1] The father cross-petitioned for joint legal and sole residential custody, alleging, among other things, that the mother disciplined the child using corporal punishment and did not provide proper supervision.[FN2] Following a fact-finding hearing, Family Court, as relevant here, awarded the parties joint legal custody of the child, with primary physical custody to the mother and a schedule of parenting time for the father every other week. The order also directed that the child would attend preschool in the Berlin Central School District. Although the court was "disturbed" by certain evidence that the maternal half siblings had "pinch[ed], push[ed] [and] shove[d]" the child while at the mother's home, it nonetheless concluded that there were inherent benefits from living with siblings and ordered the mother to "double her efforts" in addressing the issue. The father appeals.
Contrary to the father's contention, Family Court's determination to award the parties joint legal custody of the child, with primary physical custody to the mother, has a sound and substantial basis in the record.[FN3] "The dispositive inquiry in an initial custody determination is the best interests of the child, which requires an evaluation of various factors, such as each parent's past performance, fitness and ability to maintain a stable home environment and provide for the child's overall well-being, as well as the parents' respective willingness to foster a positive relationship between the child and the other parent" (Matter of Megan UU. v Phillip UU., 193 AD3d 1287, 1288 [2021] [citations omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Shirreece AA. v Matthew BB., 195 AD3d 1085, 1087 [2021]). "In light of Family Court's superior position to evaluate witness credibility and make factual findings, the court's determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Lorimer v Lorimer, 167 AD3d 1263, 1264 [2018] [citations omitted], appeal dismissed and lv denied 33 NY3d 1040 [2019]; see Matter of Megan UU[*2]. v Phillip UU., 193 AD3d at 1289).
Turning to the award of joint legal custody,[FN4] such an arrangement is "an aspirational goal in every custody matter" and is particularly warranted where the parties are generally able to "communicate with one another in a cooperative fashion" (Matter of Stephen G. v Lara H., 139 AD3d 1131, 1132 [2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 1187 [2016]). Although the parties have had disagreements about certain aspects of parenting, the record demonstrates that there is "a modicum of communication and cooperation" between them, as reflected by the fact that they "managed to stick to a custody schedule of their own design" for approximately eight months prior to commencement of the proceedings and have accommodated each other's requests for telephone contact with the child (id. at 1134, 1135 [internal quotation marks and citation omitted]). Accordingly, Family Court's determination that it was in the child's best interests to award the parties joint legal custody has a sound and substantial basis in the record (see id. at 1132).
As for the issue of residential custody, the hearing testimony established that both parties are fit and loving parents who have been actively involved in the child's life and who clearly have her best interests in mind. Each is also gainfully employed and has stable and appropriate housing. Although the father had concerns that the mother was disciplining the child using corporal punishment, this allegation was determined to be unfounded following an investigation by Child Protective Services (see Matter of Kelly CC. v Zaron BB., 191 AD3d 1101, 1104 [2021]; Matter of Martyna B. v Marlo M., 185 AD3d 497, 497 [2020]). Moreover, although there was testimony that the child had received bruises while in the mother's care, these were largely inflicted by the youngest maternal half sibling — who was only six years old at the time of the fact-finding hearing — and the mother testified that she had attempted to address these concerns by placing the child in time out. She was also ordered by Family Court to "double her efforts" regarding the issue of sibling confrontation. Furthermore, although the 17-year-old paternal half sibling asserted that the mother was "verbally and sometimes physically abusive," she conceded that she did not know whether the mother spanked the subject child and acknowledged that the mother did not yell at the subject child very often. Additionally, in consultation with the child's teachers, the mother had developed a plan to address the child's separation anxiety at school, was actively involved in her medical care and education and encouraged phone contact with the father.
We recognize that both parties alleged that, on certain occasions, the other had withheld pertinent information regarding the child's medical care and education. However, the record does not show a pervasive pattern on the mother's part of withholding information [*3]from the father, nor does it support his contention that she failed to consider the child's interests when relocating her to a prekindergarten program at the Berlin Elementary School — the same school that the youngest maternal half sibling attends. Although both parents are on equal footing and have much to offer the child, based upon the foregoing, coupled with the evidence that the mother had been a stay-at-home parent to the child prior to the parties' separation, we cannot conclude that Family Court's determination to award the mother primary physical custody lacks a sound and substantial basis in the record (see Matter of Lorimer v Lorimer, 167 AD3d at 1265; Herrera v Pena-Herrera, 146 AD3d 1034, 1036 [2017]). We also note that the order appealed from is structured in such a manner as to award each party with essentially equal parenting time and, in effect, creates a shared custody arrangement. The father's remaining contention that Family Court "erred by not taking into consideration the totality of the circumstances and eliciting its findings of fact for each factor" is without merit.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother's custody petition did not state that she was seeking joint legal and primary physical custody, but her testimony at the fact-finding hearing confirmed as much.

Footnote 2: The parties had previously filed dueling petitions for custody of the child, which were dismissed following a fact-finding hearing upon the ground that the testimony was insufficient to allow for a determination as to the child's best interests because it revolved around a single incident that occurred in February 2018.

Footnote 3: The attorney for the child supports Family Court's determination.

Footnote 4: Although the father contends in his brief that he should have been awarded sole legal and primary physical custody of the child, we note that he advocated for joint legal custody in his cross petition.