Matter of John M. v Tashina N. (2023 NY Slip Op 03822)

Matter of John M. v Tashina N.

2023 NY Slip Op 03822

Decided on July 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 13, 2023

534331
[*1]In the Matter of John M., Respondent,
v
Tashina N., Appellant. (And Other Related Proceedings.)

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Lisa K. Miller, McGraw, for appellant.
Larisa Obolensky, Delhi, for respondent.
Donna C. Chin, Niverville, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered October 8, 2021, which granted petitioner's petition, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2016). The child has three half brothers — two through the mother and one through the father. Additionally, the father resided with his girlfriend (hereinafter the girlfriend) and her two children. Pursuant to a 2018 order, entered on consent, the parties shared legal custody of the subject child, with the mother having primary physical custody prior to the child starting school; by that order's terms, the parties would begin a schedule of alternating weekly parenting time once the child began attending school. In August 2020, the mother took one of her sons to the hospital to be treated for a nosebleed and other issues. While there, hospital staff became concerned that the mother was exhibiting paranoid and manic behavior, and they contacted Child Protective Services (hereinafter CPS). After CPS informed the father about its concern with the mother's mental state, the father filed the instant petition seeking to modify the custodial arrangement regarding the subject child. In response, Family Court ordered CPS to provide a report about the ongoing investigation and granted the father temporary physical custody of the child, while allowing the mother to have various periods of supervised parenting time with the child. Following a fact-finding hearing and a Lincoln hearing with the child, Family Court switched custody by granting the father sole legal custody and primary physical custody of the child and by setting out specific periods of unsupervised parenting time for the mother. The mother appeals.[FN1]
The mother argues that Family Court erred in granting the father's petition, as he failed to demonstrate that a change in circumstances existed or that the parenting time schedule was in the child's best interests. The father and the attorney for the child disagree, asserting that the record evidence supports the court's determinations. "The party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of David ZZ. v Suzane A., 152 AD3d 880, 881 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022], lv dismissed 39 NY3d 1092 [2023]). Upon such a finding, Family Court must fashion a parenting time schedule that serves the best interests of the child, which requires the court to "consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in [*2]the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Joshua PP. v Danielle PP., 205 AD3d 1153, 1155 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 901 [2022]; see Matter of Denise VV. v Ian VV., 205 AD3d 1090, 1091 [3d Dept 2022]). "Family Court's factual findings and credibility determinations are entitled to great deference, and will not be disturbed if they have a sound and substantial basis in the record" (Matter of Brett J. v Julie K., 209 AD3d 1141, 1143 [3d Dept 2022] [internal quotation marks and citation omitted]).
The record demonstrates that, since the entry of the prior order, the parties' communication has deteriorated significantly, with the parties making significant accusations against one another and allowing their vitriol to cause them to behave inappropriately in front of the child. The breakdown in the parties' communication has left them unable to coparent or communicate for the child's well-being, establishing the requisite change in circumstances and warranting an inquiry into the best interests of the child (see Matter of Richard Y. v Vanessa Z., 146 AD3d 1050, 1050-1051 [3d Dept 2017]; Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [3d Dept 2014], lv dismissed & denied 24 NY3d 937 [2014]). The strain in the parties' communication has had ripple effects on the child, as both have resorted to restricting the child's access to the other parent, and, in one instance, delayed the child in obtaining needed dental care. Further, Family Court expressed significant concern about the mother's level of engagement in mental health treatment, following incidents where the mother exhibited erratic behaviors, such as the one described in hospital records and investigated by CPS. Faced with these circumstances, and according deference to Family Court's assessments of credibility, we find that a sound and substantial basis in the record supports its change of custody to award sole legal custody to the father, with the mother retaining independent access to the child's records (see Matter of Christopher Y. v Sheila Z., 173 AD3d 1396, 1398-1399 [3d Dept 2019]; Matter of Cool v Malone, 66 AD3d 1171, 1173 [3d Dept 2009]; compare Matter of Christina E. v Clifford F., 200 AD3d 1111, 1112-1113 [3d Dept 2021]).
Turning to the parenting time schedule, we agree with Family Court that the parties were similarly situated in various respects. Both parties have relatively stable home environments and both parties are financially capable of providing for the child's needs. At the mother's home, the child has two older half brothers with whom she was bonded; at the father's home, the child is bonded to her half brother and to the girlfriend's two children. Overall, the court was most [*3]concerned about the effect that the mother's deep distrust of the father had on the child, as the mother appeared wholly unwilling to foster a positive relationship between the child and the father; by contrast, the father did not demonstrate such unwillingness regarding the mother. Deferring to Family Court's credibility determinations, as we must, we find that these circumstances provide a sound and substantial basis for the change to the parenting schedule, which grants the mother regular access to the child throughout the school year and increases access during the summer months (see Matter of Lisa F. v Thomas E., 211 AD3d 1367, 1370 [3d Dept 2022]; Matter of Robert XX. v Susan YY., 202 AD3d 1389, 1390 [3d Dept 2022], lv denied 38 NY3d 907 [2022]; Matter of Megan UU. v Phillip UU, 193 AD3d 1287, 1290 [3d Dept 2021]).
Next, we turn to the mother's argument — with which the father and the attorney for the child concur — that Family Court erred in disclosing information that the child had shared during the Lincoln hearing. Although this is not an independent basis for reversal, our concern is heightened here as Family Court has been previously advised against disclosing such confidential information and directed to "ensure that what transpires during the course [of a Lincoln hearing] remains confidential" (see Matter of Cramer v Cramer, 163 AD3d 1077, 1081 n 6 [3d Dept 2018]) and, yet, the court appears to have disregarded our previous decision.[FN2] As such, we again advise Family Court not to disclose information shared by a child during a Lincoln hearing and remind Family Court of the paramount importance that such information remain confidential to protect children "from having to openly choose between parents or openly divulging intimate details of their respective parent/child relationships" (Matter of Heasley v Morse, 144 AD3d 1405, 1408 [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Lincoln v Lincoln, 24 NY2d 270, 272-273 [1969]). In the future, Family Court should limit itself to simply stating whether it has held a Lincoln hearing and, if not, its reasons for declining to hold one. Although courts should consider the information shared by a child in a Lincoln hearing to corroborate other evidence adduced at a fact-finding hearing or to ascertain a child's thoughts and feelings regarding the crafting of a custodial arrangement, such considerations must remain silent to ensure that the child's right to confidentiality is protected (see Theodore P. v Debra P., 209 AD3d 1146, 1150-1151 [3d Dept 2022]; Matter of Christine TT. v Dino UU., 143 AD3d 1065, 1068 [3d Dept 2016]).
To the extent not expressly addressed herein, the mother's remaining contentions have been considered and found to lack merit.
Lynch, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother's challenges to the temporary orders were rendered moot by the issuance of the appealed-from final order of custody and parenting time (see Matter of Devin W. v Jessica X., 204 AD3d 1111, 1111 [3d Dept 2022]; Matter of John VV. v Hope WW., 163 AD3d 1088, 1089 [3d Dept 2018]; Matter of Damiano v Guzzi, 157 AD3d 1013, 1014 n 1 [3d Dept 2018]).

Footnote 2: This is not the first instance of Family Court ignoring our concerns (see Matter of Brett J. v Julie K., 209 AD3d at 1142 n 2).