Matter of Chad KK. v Jennifer LL. (2023 NY Slip Op 04620)

Matter of Chad KK. v Jennifer LL.

2023 NY Slip Op 04620

Decided on September 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 14, 2023

534590
[*1]In the Matter of Chad KK., Respondent,
v
Jennifer LL., Appellant.

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Lisa K. Miller, McGraw, for appellant.
James P. Youngs, Syracuse, for respondent.
Andrea J. Mooney, Ithaca, attorney for the children.

McShan, J.
Appeal from an order of the Family Court of Tompkins County (Joseph R. Cassidy, J.), entered November 5, 2021, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 2005 and 2008). Pursuant to a 2019 order entered on consent, the parties shared joint legal custody of the children, with the mother having primary residential custody and the father having parenting time every Monday after school and on alternating weekends as the father's work schedule permitted. In February 2020, the father filed a petition to modify the order and grant him sole custody of the children, alleging that, among other things, the mother's recent misdemeanor conviction and concerns regarding the children's attendance at school rendered the mother's home environment unstable. The father further alleged that the mother was responsible for the deterioration in his relationship with the children. Following a fact-finding hearing and Lincoln hearings, Family Court found that there was a change in circumstances since the 2019 order, and further determined that the best interests of the children warranted a continuation of joint custody with, as relevant here, an increase in the younger child's parenting time with the father to alternating weekends with overnight visitation.[FN1] The mother appeals.[FN2]
As the parties do not dispute that a change in circumstances has occurred since the 2019 order, the sole issue on this appeal distills to whether Family Court's custody and visitation arrangement was in the younger child's best interests (see Matter of David V. v Roseline W., 217 AD3d 1112, 1113 [3d Dept 2023]; Matter of David VV. v Alison YY., 203 AD3d 1534, 1535 [3d Dept 2022], lv denied 38 NY3d 908 [2022]; Matter of Sanchez v Santiago, 154 AD3d 1099, 1100 [3d Dept 2017]). In considering the best interests of the child, "pertinent factors include the quality of each parent's home environment, the need for stability in the child's life, the parents' past performance, the willingness of each parent to foster a positive relationship between the child and the other parent and the ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1414 [3d Dept 2021] [internal quotation marks and citation omitted]; see Matter of Mary D. v Ashley E., 158 AD3d 1022, 1024 [3d Dept 2018]). We defer to Family Court's credibility determinations and factual findings owing to its superior position concerning its ability to evaluate testimony and credibility, and the court's decisions pertaining to custody and visitation will not be disturbed where they are supported by a sound and substantial basis in the record (see Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023]; Matter [*2]of Karen Q. v Christina R., 184 AD3d 987, 990 [3d Dept 2020]; Matter of Jemar H. v Nevada I., 182 AD3d 805, 807 [3d Dept 2020]).
The mother first contends that Family Court erred in failing to award her sole custody, pointing to the deterioration of the parenting relationship between the mother and the father.[FN3] We disagree. "Generally, joint legal custody is the preferred arrangement, unless the evidence demonstrates that the parties are unable to work together and communicate cooperatively" (Matter of Zaida DD. v Noel EE., 177 AD3d 1220, 1222 [3d Dept 2019] [citations omitted]). The record reflects that the relationship between the parties has been relatively contentious since their divorce; however, although the two engage in the occasional squabble, their exchanges do not evidence a level of acrimony that " 'render[s] the joint custody award unworkable' " (Matter of Joseph L. v Heather K., 214 AD3d 1041, 1043 [3d Dept 2023], quoting Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022]). To the contrary, we find that the record adequately demonstrates that "both parties are fit and loving parents, possess a desire to share in the upbringing of their child and have demonstrated a willingness and ability to set aside their personal differences and work together for the good of their child," and that joint custody remains a feasible arrangement (Matter of Fedun v Fedun, 227 AD2d 688, 688 [3d Dept 1996] [internal quotation marks, brackets and citation omitted]; see Matter of Zaida DD. v Noel EE., 177 AD3d at 1222). Under these circumstances, we find that Family Court's determination to leave the joint custody arrangement from the prior order in place is supported by a sound and substantial basis (see Matter of Christina E. v Clifford F., 200 AD3d 1111, 1112-1113 [3d Dept 2021]; Matter of Bradley D. v Andrea D., 144 AD3d 1417, 1420 [3d Dept 2016]).
However, we agree with the mother's argument that Family Court's determination to provide the father with overnight and an additional day of visitation is unsupported by the record. In assessing the merits of the parties' contentions concerning visitation, we note that "Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent" (Matter of Tina RR. v Dennis RR., 143 AD3d 1195, 1197 [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Daniel v Pylinski, 61 AD3d 1291, 1292 [3d Dept 2009]) and "expanded parenting time is generally favored, unless there is proof that such parenting time would be inimical to the welfare of the child[ ]" (Matter of Benjamin V. v Shantika W., 207 AD3d 1017, 1020 [3d Dept 2022]). That being said, "[a]lthough not determinative, the expressed wishes of the child[ ] are some indication of what is in [his or her] best interests, considering [his or her] age, maturity and potential to be influenced" (Matter of Cheryl YY. v Cynthia YY., 152 AD3d 829, 834 [3d Dept 2017] [internal quotation [*3]marks and citations omitted]; see Matter of Karen Q. v Christina R., 184 AD3d at 990; Matter of Lorimer v Lorimer, 167 AD3d 1263, 1265 [3d Dept 2018], appeal dismissed & lv denied 33 NY3d 1040 [2019]).
The father concedes that his relationship with the child had significantly deteriorated as of the time of the hearing, and the record reflects that fact, as the child routinely resisted attending her scheduled visitation. Notably, Family Court determined that the mother had not alienated the father or caused the strain in the relationship, and we agree with that assessment based on the credible evidence presented at the hearing. Rather, the record reflects that the father's lax efforts in strengthening his bond with the child played a significant role in the child's reluctance to attend scheduled visitations with him (see Matter of Karen Q. v Christina R., 184 AD3d at 990; see generally Matter of Sanders v Jaco, 148 AD3d 812, 813-814 [2d Dept 2017]; compare Matter of Burola v Meek, 64 AD3d 962, 966 [3d Dept 2009]). Testimony concerning the child's mental health also established that the child suffered from anxiety and depression, which was partially attributable to the stress of the court proceedings. In line with that evidence, the child's mental health provider noted that the child's relationship with the father was a source of stress and opined that a change in the custodial arrangement would be detrimental to the child (see Ward v Feulner, 140 AD3d 1480, 1481 [3d Dept 2015]; Matter of Sullivan v Sullivan, 40 AD3d 865, 866-867 [2d Dept 2007]; see also Matter of Braswell v Braswell, 80 AD3d 827, 830 [3d Dept 2011]; Matter of VanDusen v Riggs, 77 AD3d 1355, 1356 [4th Dept 2010]; compare Matter of Jose F. v Sylvia P., 132 AD3d 592, 593 [1st Dept 2015]). Considering the foregoing evidence alongside the position advocated for by the attorney for the child (compare Matter of Denise VV. v Ian VV., 205 AD3d 1090, 1092 n 4 [3d Dept 2022]; Matter of Michael Q. v Peggy Q., 179 AD3d 1329, 1332 [3d Dept 2020]), we find that Family Court's determination to increase visitation and require overnight visits does not have a sound basis (see generally Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1913, 1915 [3d Dept 2020]; Matter of Gonzalez v Hunter, 137 AD3d 1339, 1341 [3d Dept 2016], lv dismissed & denied 27 NY3d 1061 [2016]).[FN4]
Notwithstanding our determination, we are mindful that the custody order on appeal is nearly two years old, and the parties have offered no insight into the effect of the visitation arrangement as of this point in time.[FN5] In this respect, the passage of time precludes us from making an informed determination concerning an appropriate visitation arrangement that takes into consideration the current situation. We therefore remit the matter to Family Court to consider a suitable visitation schedule that strikes the appropriate balance in affording the father with regular and meaningful parenting time while also accounting for the wishes of the [*4]child, who has turned 15 (see generally Matter of Samantha WW. v Malek XX., 217 AD3d 1081, 1083 [3d Dept 2023]; Matter of Coleman v Millington, 140 AD3d 1245, 1246 [3d Dept 2016]). In doing so, we are careful to note that the child's feelings toward the father do not warrant a complete interruption of visitation or a reduction from the prior order; rather, the visitation arrangement should reflect a practical change that offers an opportunity to restore the relationship between the child and the father (see e.g. Matter of Cecelia BB. v Frank CC., 200 AD3d at 1417).[FN6]
Garry, P.J., Egan Jr., Clark and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as provided for an increase in visitation with the younger child; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The eldest child turned 18 during the pendency of this appeal and, as conceded by the parties, any contentions pertaining to him have been rendered moot (see Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1480 n [3d Dept 2022]).
Footnote 2: The attorney for the child supports the mother's arguments on this appeal.

Footnote 3: We note that the mother did not request sole custody during the hearing or in her postsubmission brief, and the father withdrew his request for sole custody during the hearing. Nevertheless, Family Court rendered a determination as to the custodial arrangement in its decision and we will assess the propriety of that arrangement on appeal.

Footnote 4: To the extent that the father asks that we grant him additional parenting time, his request for affirmative relief is precluded by his failure to appeal Family Court's order (see Matter of Denise VV. v Ian VV., 205 AD3d at 1093; Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1293 [3d Dept 2019]).

Footnote 5: The parties did not appear for oral argument or advise as to whether the visitation arrangement has been adhered to or if the child's reluctance to visit the father persists.
Footnote 6: Family Court's determination to require therapeutic intervention to strengthen the bond between the father and the child was prudent under the circumstances, and we would encourage a similar directive as a predicate to expanded visitation.