Matter of Frankie CC. v Rachel CC. (2024 NY Slip Op 01758)

Matter of Frankie CC. v Rachel CC.

2024 NY Slip Op 01758

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

CV-23-0413
[*1]In the Matter of Frankie CC., Respondent,
v
Rachel CC., Appellant.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Veronica Reed, Schenectady, for appellant.
Alexander W. Dunshee, Clifton Park, for respondent.
Bradley J. Rooke, Broadalbin, attorney for the children.

Powers, J.
Appeal from an order of the Family Court of Schenectady County (Jill S. Polk, J.), entered January 12, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a daughter (born in 2014) and a son (born in 2016). The parties shared joint legal and physical custody of the children pursuant to an August 2020 divorce judgment which incorporated the terms of a February 2020 oral agreement providing a schedule of substantial parenting time for the father. In October 2020 and December 2020, the father filed emergency custody modification petitions seeking sole legal and primary physical custody. In February 2021, neglect petitions were filed against both parents by the Schenectady County Department of Social Services (hereinafter DSS), and both parents agreed to submit to a forensic evaluation with the report to be received in evidence subject to cross-examination. In April 2021, the father filed an amended custody petition, which Family Court held in abeyance pending completion of the neglect proceedings. In September 2021, the neglect petition against the mother was resolved on consent, with the mother agreeing to a six-month adjournment in contemplation of dismissal without an admission and agreeing to various dispositional orders. The neglect petition against the father proceeded to a fact-finding hearing, following which Family Court entered an order of dismissal in July 2022. At the outset of the custody hearing, the court admitted into evidence the testimony elicited during the neglect proceedings, upon an oral motion by counsel for the father. The father testified that the mother often left the children with the maternal grandmother, at one point disappearing for several months, and that the children were "filthy" and went without medical care during the mother's parenting time. The father also presented the testimony of his former girlfriend, who described the children as "unkempt" while in the mother's care and being exchanged to the father in unwashed, ill-fitting clothes with feces in their underwear and rashes in their genital area. The mother failed to appear on the scheduled hearing continuation date and did not give testimony nor present any other evidence. In January 2023, Family Court entered an order directing that the parties continue to share joint legal custody with the father having primary physical custody. The mother was awarded, in pertinent part, parenting time on the first three weekends of every month and a dinner visit every Wednesday. The mother appeals.
The law is settled that the "alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child" (Matter of Van Hoesen v [*2]Van Hoesen, 186 AD2d 903, 903 [3d Dept 1992]). "In deciding whether a change of custody is warranted, an existing arrangement borne of the parties' mutual agreement is a factor to be considered, along with the quality of the respective home environments, the child's wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for and direct the child's development" (Matter of De Hamel v Porto, 22 AD3d 893, 894 [3d Dept 2005] [citations omitted]; see Matter of Passero v Giordano, 53 AD3d 802, 803 [3d Dept 2008]). When domestic violence is alleged in custody matters, its effect upon the children "is a factor that must be considered" (Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1102 [3d Dept 2007]; see Domestic Relations Law § 240 [1] [a]; Matter of Justin K. v Jutonynea L., 221 AD3d 1335, 1336 [3d Dept 2023]; Matter of Warda NN. v Muhammad OO., 217 AD3d 1086, 1089-1090 [3d Dept 2023]). Proven acts of neglect are relevant factors when determining issues of custody (see Matter of Jesse FF. v Amber GG., 222 AD3d 1254, 1257 [3d Dept 2023]). However, where domestic violence has not been established by a preponderance of the evidence, the court need not consider such claims in its analysis when determining custody (see Matter of Kelly CC. v Zaron BB., 191 AD3d 1101, 1104 [3d Dept 2021]; Williams v Williams, 78 AD3d 1256, 1257 [3d Dept 2010]).
Turning to the merits, we are mindful that the mother has not challenged Family Court's finding that a sufficient change in circumstances has occurred since the entry of the order to warrant an analysis of what custody arrangement would be in the children's best interests (see Matter of Lewis v Tomeo, 81 AD3d 1193, 1194 [3d Dept 2011]). Notably, the mother's sole contention is that the court failed to consider the parties' history of domestic violence, and, therefore, the award of primary physical custody to the father did not have a sound and substantial basis in the record.
Here, the record reflects that Family Court dismissed the neglect petition against the father, following a fact-finding hearing during which an indicated report to the Statewide Central Register of Child Abuse and Maltreatment was considered. Moreover, given the mother's failure to appear and lack of her testimony in the custody hearing, as well as not presenting witnesses or other evidence, it was appropriate for Family Court to draw a negative inference against her (see Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1220 [3d Dept 2023]; Matter of Christopher FF. v Danielle GG., 206 AD3d 1506, 1507 [3d Dept 2022]). Further, given that the mother did not present any evidence that the father engaged in domestic violence toward her, she also failed to substantiate that the children had been exposed to such conduct. Thus, we find it appropriate that the court did not consider how domestic violence affected the children as a factor in deciding their [*3]best interests.
Our review of the record reveals no independent evidence supporting the mother's allegations. In these circumstances, Family Court could reasonably credit the father's testimony on this issue, and its determination to do so is entitled to deference (see generally Matter of Michael Q. v Peggy Q., 179 AD3d 1329, 1331 [3d Dept 2020]). "Recognizing the unique ability of Family Court to assess the witnesses['] credibility and their demeanor, great deference will be accorded to its findings" (Matter of Lopez v Robinson, 25 AD3d 1034, 1035 [3d Dept 2006]; see Matter of Christina E. v Clifford F., 200 AD3d 1111, 1112 [3d Dept 2021]).
Deferring to Family Court's credibility assessments, we find that the court's determination modifying the order to award primary physical custody to the father has a sound and substantial basis in the record. The alternative ground urged by the attorney for the children for affirming based on the mother not having pleaded her domestic violence allegations in a sworn statement is rendered academic by our determination.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.