Matter of Robert D. v Sarah E. (2025 NY Slip Op 02627)

Matter of Robert D. v Sarah E.

2025 NY Slip Op 02627

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CV-23-0477
[*1]In the Matter of Robert D., Appellant,
v
Sarah E., Respondent. (And Another Related Proceeding.)

Calendar Date:March 25, 2025

Before:Egan Jr., J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Christopher Hammond, Cooperstown, for appellant.
Kelly A. Damm, Ithaca, for respondent.
Susan B. McNeil, Slaterville Springs, attorney for the child.

Mackey, J.
Appeal from an order of the Family Court of Tompkins County (Scott Miller, J.), entered March 6, 2023, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2010). Pursuant to a 2014 order, entered upon the father's default, the mother was awarded sole legal custody and physical placement of the child, with the father being granted visitation in a public location as mutually agreed upon by the parties. The father's visitation was infrequent and, in 2015, he ceased contact with the child citing his housing and employment instability. In 2019, the father sought to resume visitation, and, in November 2021, he filed a modification petition seeking an expanded visitation schedule and joint custody of the child.[FN1] The mother later filed a cross-petition to modify the prior custody order seeking, among other things, to terminate the father's visitation. Following fact-finding and Lincoln hearings, Family Court dismissed the father's petition, granted the mother's petition insofar as she sought sole legal and physical custody of the child, and suspended the father's visitation. The father appeals.
The father's sole challenge on appeal is to Family's Court's suspension of his visitation. Inasmuch as there is no dispute that a change in circumstances had occurred since the prior order (see Matter of Matthew TT. v Erin TT., 222 AD3d 1242, 1242 [3d Dept 2023]), our inquiry distills to whether the record supports Family Court's determination that the suspension of the father's visitation serves the child's best interests (see Matter of Chad KK. v Jennifer LL., 219 AD3d 1581, 1582 [3d Dept 2023]; Matter of Christopher WW. v Avonna XX., 202 AD3d 1425, 1426 [3d Dept 2022]). "Visitation with a noncustodial parent is presumed to be in the best interests of the child, but that presumption may be overcome where the party opposing visitation sets forth compelling reasons and substantial evidence that such visitation would be detrimental or harmful to the child's welfare" (Matter of Ajmal I. v LaToya J., 209 AD3d 1161, 1162-1163 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Gabrielle Q. v James R., 233 AD3d 1407, 1408 [3d Dept 2024]). "The propriety of visitation is a matter committed to the sound discretion of Family Court, guided by the best interests of the child, and this Court will not disturb its determination if it is supported by a sound and substantial basis in the record" (Matter of Robert M. v Barbara L., 227 AD3d 141, 145 [3d Dept 2024] [internal quotation marks and citations omitted]). To this end, the wishes of the child, although not determinative, are entitled to consideration when determining his or her best interests (see Matter of Chad KK. v Jennifer LL., 219 AD3d at 1584; Matter of Joshua [*2]PP. v Danielle PP., 205 AD3d 1153, 1160 [3d Dept 2022], lv denied 39 NY3d 901 [2022]).[FN2]
Taken together, the parties' respective hearing testimony and submissions reflect that the last time the father saw the child was in 2015. The father admitted that he did not thereafter visit or contact the child in 2016, 2017 or 2018. He instead testified that he attempted to initiate visitation with the child through the mother in 2019 on social media. The mother, in turn, acknowledged that she had received a few sporadic messages from the father to this extent, but that she ignored or denied the father's requests based upon his failure to seek contact with the child during the intervening years. Notably, nothing in the record indicates that the father otherwise made efforts to maintain contact with the child after 2015; Family Court did not credit the father's testimony that he had or would have made further efforts but did not have accurate contact information for the mother. Upon this record, and deferring to Family Court's credibility assessments (see generally Matter of Joshua PP. v Danielle PP., 205 AD3d at 1155), we find that a sound and substantial basis supports the finding that the father failed to contact the child for a period of several years — at least three of which resulted from his own admitted inaction — such that the suspension of his visitation serves the child's best interests (see Matter of Licato v Jornet, 146 AD3d 787, 787-788 [2d Dept 2017]; Matter of Walrad v Walrad, 63 AD3d 1227, 1228 [3d Dept 2009]; compare Matter of Bond v MacLeod, 83 AD3d 1304, 1305-1306 [3d Dept 2011]).[FN3]
Egan Jr., J.P., Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father also filed a violation petition, alleging that the mother had improperly denied him visitation with the child. The mother's subsequent motion to dismiss the father's violation petition was granted.

Footnote 2: The attorney for the child asks this Court to affirm the order appealed from.

Footnote 3: Although not raised by the parties, we take this opportunity to remind Family Court that information shared during a Lincoln hearing is confidential and, although such information may serve "to corroborate other evidence adduced at a fact-finding hearing or to ascertain a child's thoughts and feelings regarding the crafting of a custodial arrangement, such considerations must remain silent to ensure that the child's right to confidentiality is protected" (Matter of John M. v Tashina N., 218 AD3d 935, 938-939 [3d Dept 2023]; accord Matter of C.M. v Z.N., 230 AD3d 1409, 1413 [3d Dept 2024]). We have instructed that "Family Court should limit itself to simply stating whether it has held a Lincoln hearing and, if not, its reasons for declining to hold one" (Matter of John M. v Tashina N., 218 AD3d at 939). There is no need to elaborate on what transpired during the Lincoln hearing, as this Court receives and reviews the Lincoln hearing transcript on the appeal.