Matter of Tanya H. v Dennis H. (2020 NY Slip Op 03988)





Matter of Tanya H. v Dennis H.


2020 NY Slip Op 03988


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11826 Dkt. V-29156-13/18D

[*1] In re Tanya H., Petitioner-Appellant,
v
Dennis H., Respondent-Respondent.


Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), for appellant.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about April 11, 2019, which dismissed petitioner mother's petition to modify an order of visitation, unanimously affirmed, without costs.
The change in circumstances identified by the mother, namely respondent father's refusal to comply with provisions of the existing visitation order requiring him to confirm his visitation in advance and pick the child up from the police precinct, his failure to consistently exercise visitation, and his irrational and combative attitude toward the Family Court, did not demonstrate that modification of the visitation order would serve the best interests of the child (see Matter of Jose M.C. v Liliana C., 150 AD3d 514 [1st Dept 2017]; see generally Family Ct Act § 652[a]; Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]). The visitation order adequately dealt with the father's failure to confirm visitation with the mother in advance by allowing her to cancel the visit in those circumstances. Although the father violated the visitation order when he picked up the child from school instead of the police precinct, it appears that the father's actions were caused by the mother's own failure to timely bring the child to the precinct. The father's failure to consistently exercise visitation and his somewhat combative demeanor in the Family Court are not extraordinary and there is no indication that those actions affected the child negatively.
The remainder of the mother's arguments regarding change in circumstances are not preserved for appellate review (see Matter of Christina T. v Thomas C.T., 173 AD3d 614 [1st Dept 2019]) and we decline to review them in the interest of justice. Were we to review them, we would find that although the mother showed that the father's actions were negatively affecting her, she did not offer any proof that the visitation order was no longer serving the best interests of the child (see Steck v Steck, 307 AD2d 819, 820 [1st Dept 2003]).
The court was not required to hold a full evidentiary hearing before dismissing the petition. The court acquired sufficient information to render an informed decision on the child's best interests during the multiple appearances on the petition, and the mother made no showing that would have affected the disposition of her petition (see Matter of Antoine D. v Kyla Monique P., 168 AD3d 476 [1st Dept 2019], lv denied 32 NY3d 917 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK