Matter of Nowlan v Cunningham (2022 NY Slip Op 07339)

Matter of Nowlan v Cunningham

2022 NY Slip Op 07339

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

784 CAF 21-01374

[*1]IN THE MATTER OF PAMELA S. NOWLAN AND BRIAN L. NOWLAN, PETITIONERS-RESPONDENTS,
v
BRITTANY M. CUNNINGHAM AND JAMES C. PIERCE, RESPONDENTS-APPELLANTS. BRITTANY M. CUNNINGHAM, PETITIONER-APPELLANT, 
PAMELA S. NOWLAN AND BRIAN L. NOWLAN, RESPONDENTS-RESPONDENTS. 

MARK A. SCHLECHTER, ITHACA, FOR RESPONDENT-PETITIONER-APPELLANT AND RESPONDENT-APPELLANT. 
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD.

 Appeals from an order of the Family Court, Steuben County (Patrick F. McAllister, A.J.), entered August 26, 2021 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted in part the petition of petitioners-respondents and modified a prior visitation order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent-petitioner mother and respondent father (parents) each appeal from an order that, inter alia, modified a prior order of visitation by increasing the visitation allowed to petitioners-respondents, the paternal grandparents of the subject child (grandparents). We affirm.
The parents contend that the grandparents failed to establish a change of circumstances warranting an inquiry into the best interests of the child. Initially, we note that the mother waived that contention inasmuch as she alleged in her own cross petition that there had been such a change in circumstances (see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]; Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]; see generally Matter of Tinucci v Voltra, 158 AD3d 1075, 1076 [4th Dept 2018]). In any event, we conclude that "the continued deterioration of the parties' relationship is a significant change in circumstances warranting an inquiry into whether a modification of visitation is in the child's best interests" (Matter of Vaccaro v Vaccaro, 178 AD3d 1410, 1411 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Noble v Gigon, 165 AD3d 1640, 1640 [4th Dept 2018], lv denied 33 NY3d 902 [2019]).
The parents contend that there is not a sound and substantial basis in the record to support Family Court's determination that modification of the parties' visitation arrangement was in the child's best interests (see generally Tinucci, 158 AD3d at 1076). We reject that contention. Although the court did not specify the factors it relied on in conducting its best interests analysis (see Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]), "[o]ur authority in determinations of custody [and visitation] is as broad as that of Family Court . . . and where, as [*2]here, the record is sufficient for this Court to make a best interests determination
. . . , we will do so in the interests of judicial economy and the well-being of the child" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; see Howell, 103 AD3d at 1231). Among the factors for the court to consider are "whether the alleged change implicates the 'fitness' of one of the parties . . . , the nature and quality of the relationships between the child and the parties . . . and the existence of a prior agreement" (Matter of Wilson v McGlinchey, 2 NY3d 375, 381 [2004]).
Here, after reviewing the appropriate factors, we conclude that the totality of the circumstances supports the determination that it is in the best interests of the child to increase the grandparents' visitation (see id.). Among other things, and despite some animosity between the parties, the record supports the determination that the grandparents have had a loving and close relationship with the child since her birth (see generally Matter of Danial R.B. v Ledyard M., 35 AD3d 1232, 1232-1233 [4th Dept 2006]).
We have considered the parents' remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court