Matter of Dionisio L. v Albania L. (2023 NY Slip Op 05318)

Matter of Dionisio L. v Albania L.

2023 NY Slip Op 05318

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Docket No. V-43310- 14/16A&B V-43487-14/16A&B Appeal No. 843 Case No. 2020-00460 

[*1]In the Matter of Dionisio L., Petitioner-Appellant,
v
Albania L., Respondent-Respondent. 

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Donna C. Chin, Niverville, attorney for the child.

Order, Family Court, New York County (Stephanie Schwartz, Ref.), entered on or about December 26, 2019, which, to the extent appealed from, granted respondent mother's prima facie application to dismiss petitioner father's petition seeking modification of a final order of custody entered on or about July 22, 2015 so as to grant him sole legal and physical custody of the subject child, unanimously affirmed, without costs.
The record sets forth a sound and substantial basis to support the court's dismissal of the petition, as the father failed to demonstrate a material change in circumstances warranting modification of the custody order (see Family Court Act § 652[a]). The father's vague contention that the mother was late for visits is unsubstantiated (see Matter of Martyna B. v Marlo M., 185 AD3d 497, 497-498 [1st Dept 2020]) and, even if true, does not constitute a change in circumstances warranting modification (see Fallarino v Ayala, 41 AD3d 714, 715 [2d Dept 2007]). Furthermore, even taking as true that the mother was rude to the father at visitation exchanges at the police precinct, the alleged conduct does not constitute a change in circumstances, as the parties' relationship as contemplated in the July 2015 custody order was already acrimonious before the original custody petition. Nor did the 2015 order require the mother to provide telephone contact with the child; in fact, it required the parties to communicate by text. Thus, any failure to allow contact by telephone does not constitute a change of circumstances (see Matter of Juelle G. v William C., 96 AD3d 538, 538 [1st Dept 2012]).
Family Court was not required to hold a full evidentiary hearing to make a determination on the alleged change in circumstances. The court already had sufficient information to render an informed decision on the child's best interests, as the parties made multiple appearances on the petition and the father made no offer of proof that would have affected the outcome (see Matter of Tanya H. v Dennis H., 185 AD3d 487, 488 [1st Dept 2020]).
We have considered the father's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023