Matter of Keidy A.R. v Timothy L.L. (2024 NY Slip Op 06673)

Matter of Keidy A.R. v Timothy L.L.

2024 NY Slip Op 06673

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Docket No. V-12895-12/22, V-18993-12/22, V-12895-12/22 Appeal No. 3329 Case No. 2023-05279 

[*1]In the Matter of Keidy A.R., Appellant,
v
Timothy L.L., Respondent.

Douglas H. Reiniger, New York, for appellant.
Dora M. Lassinger, East Rockaway, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order, Family Court, Bronx County (Jessica M. Crafton, Referee), entered on or about October 12, 2023, which dismissed with prejudice petitioner mother's petitions for an order modifying a prior order of custody, dated February 4, 2022, unanimously modified, on the law, to the extent of deleting the provision that the dismissal of the petitions is "with prejudice," and otherwise affirmed, without costs.
There is a sound and substantial basis in the record to support Family Court's dismissal of the petition, as the mother's testimony failed to show a material change in circumstances warranting modification of the February 2022 custody order (see Matter of Barry H. v Veronica S., 175 AD3d 427, 428 [1st Dept 2019]; Matter of Christina T. v Thomas C.T., 173 AD3d 614 [1st Dept 2019]). The mother testified that respondent father largely abided by the prior custody order and that she had not been denied meaningful access to the child. Her assertions that the father ignored her and was a few hours late for drop-off and early for pick-up do not constitute a change in circumstances (see Matter of Dionisio L. v Albania L., 220 AD3d 536 [1st Dept 2023]). Moreover, the parents' continued cooperation concerning visitation showed that their relationship had not deteriorated enough to warrant a change in their joint custody arrangement (cf. Matter of Zambas v Condon, 227 AD3d 729, 731 [2d Dept 2024], lv denied 42 NY3d 903 [2024]). While the mother disapproved of the role the father's current wife plays in the child's life, the mother acknowledged that the child was living with the father and his wife prior to February 2022. Finally, the child expressed a desire to remain with the father with continued parenting time with the mother (see e.g. Tsung v Tso, 190 AD3d 575, 577 [1st Dept 2021]).
However, the order should be modified to the extent of deleting the provision that the dismissal of the petitions is "with prejudice" (see Matter of Hugee v Gadsden, 172 AD3d 863, 864 [2d Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024