Matter of Mayra G. v Danielle B. (2025 NY Slip Op 01423)

Matter of Mayra G. v Danielle B.

2025 NY Slip Op 01423

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Docket No. V-09567-16/22|Appeal No. 3885|Case No. 2024-02792|

[*1]In the Matter of Mayra G., Petitioner-Appellant,
v
Danielle B., Respondent-Respondent.

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about April 10, 2024, which, after a hearing, denied petitioner grandmother's petition to modify a final order of visitation and dismissed the proceeding, unanimously affirmed, without costs.
The petition seeking a modification of the 2018 visitation order was properly denied based on the grandmother's failure to identify a change of circumstances warranting a modification to serve the best interests of the subject child (Family Court Act § 467[b][ii]). As the grandmother acknowledges, neither the father's death nor the mother's failure to comply with the 2018 order constituted a change of circumstances relating to the child's welfare for the purpose of modification (see Matter of Davis v Palacio, 61 AD3d 1280, 1281 [3d Dept 2009]; Matter of Tanya H. v Dennis H., 185 AD3d 487, 488 [1st Dept 2020]).
The grandmother's request to view "the totality of the circumstances," including the parties' deteriorating relationship, does not warrant a different conclusion. As the Family Court observed, the mother was willing to agree to a modification expanding visitation to overnight visits if the grandmother provided the address at which visitation would take place, but the grandmother declined. Thus, it was not a deterioration in the parties' relationship, but the grandmother's rejection of reasonable safety conditions that prevented her from enjoying additional visitation with the child (cf. Matter of Nowlan v Cunningham, 211 AD3d 1524 [4th Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025