Matter of Ramanath v Ramanath (2021 NY Slip Op 05744)





Matter of Ramanath v Ramanath


2021 NY Slip Op 05744


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

527034 528545 529133
[*1]In the Matter of Seemanti Ramanath, Appellant,
v
Ganpati Ramanath, Respondent. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of Ganpati Ramanath, Respondent,
v
Seemanti Ramanath, Appellant. (Proceeding No. 3.) (And Another Related Proceeding.)

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Seemanti Ramanath, Cohoes, appellant pro se.
Sommers & Sommers, LLP, Albany (John T. Casey Jr., Troy, of counsel), for respondent.



Aarons, J.
Appeals (1) from three orders of the Family Court of Rensselaer County (E. Walsh, J.), entered January 3, 2018 and January 17, 2019, which, among other things, partially dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 4, to modify a prior order of support, and (2) from two orders of said court, entered January 17, 2019 and April 17, 2019, which, among other things, granted petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Seemanti Ramanath (hereinafter the mother) and Ganpati Ramanath (hereinafter the father) are the parents of two children (born in 1996 and 1999). The parties were married in 1992 but subsequently divorced. In 2013, the parties entered into a separation and settlement agreement that was incorporated, but not merged, into the judgment of divorce. The settlement agreement provided, among other things, that the parties would equally share in the children's college expenses and that the consent of both parties would be required as "a condition precedent to the parental obligation to contribute to the costs thereof, which consent shall not be unreasonably withheld." The mother thereafter filed a modification petition, which was ultimately resolved in a January 2017 order entered on consent. According to that order, the mother's child support obligation was decreased due, in part, to the parties' agreement to equally split the children's college expenses.
In August 2017, the mother commenced the first of these proceedings seeking to modify the January 2017 consent order. The mother sought, among other things, the elimination of her obligation to contribute to the children's college expenses. The father moved to dismiss the modification petition. The mother then filed a violation petition against the father. The Support Magistrate, as relevant here, partially granted the father's motion by dismissing so much of the modification petition as sought to eliminate the mother's obligation to contribute to the older child's college expenses. The Support Magistrate otherwise denied the motion and ordered a hearing on the issue of whether the mother consented to the younger child attending an out-of-state university and, therefore, had to contribute to such child's college expenses. The Support Magistrate also scheduled a hearing on the mother's violation petition. Prior to the hearing, however, the Support Magistrate dismissed the violation petition on the basis that the mother failed to allege sufficient facts to warrant her requested relief. In two separate January 2018 orders, Family Court denied the mother's objections to the Support Magistrate's determinations with respect to her modification and violation petitions.
Meanwhile, the father filed two violation petitions — one in November 2017 asserting that the mother refused to pay, among other things, her share of the younger child's [*2]college expenses for the 2017 fall semester and another one in February 2018 alleging that the mother refused to pay her share of the children's 2018 spring semester college expenses. A combined hearing was eventually held on the remaining part of the mother's modification petition and the father's violation petitions. Following the hearing, the Support Magistrate denied the mother's request to eliminate her obligation to contribute to the younger child's college expenses. Regarding the November 2017 violation petition, the Support Magistrate held that the mother was in willful violation for failing to pay the younger child's 2017 fall semester college expenses. As to the February 2018 violation petition, the Support Magistrate found that the mother was not in willful violation but nonetheless held that the mother was liable for arrears as to the children's 2018 spring semester college expenses. The mother filed objections, which Family Court denied in two separate January 2019 orders.
In May 2018, the father moved for counsel fees based upon the willful violation finding. The Support Magistrate granted the motion to the extent of directing the mother to pay $3,406.01 in counsel fees. Family Court, among other things, denied the mother's objections thereto in an April 2019 order. These appeals by the mother ensued.[FN1]
Regarding the mother's modification petition, "[a] parent seeking to modify a child support order arising out of an agreement or stipulation must demonstrate that the agreement was unfair when entered into or that there has been a substantial, unanticipated and unreasonable change in circumstances warranting a downward modification" (Matter of Hoyle v Hoyle, 121 AD3d 1194, 1195 [2014]; see Matter of Covington v Boyle, 127 AD3d 1393, 1393 [2015]). In partially granting the father's motion to dismiss the mother's modification petition, the Support Magistrate found the mother failed to sufficiently allege a change in circumstances so as to eliminate her obligation to pay for the older child's college expenses. Although the mother challenges this determination, her arguments do not appear to address the sufficiency of the allegations raised in her modification petition. Rather, the mother relies on proof from the hearing and points out that she was not provided with the bills in order to pay the older child's college expenses and that she was blocked access to the children's financial aid applications. Even if true, however, such facts do not constitute the required change in circumstances. The record also supports the Support Magistrate's conclusion that the mother sought similar relief in her initial modification petition that resulted in the January 2017 consent order. Upon our review of the mother's modification petition, the Support Magistrate correctly found that she did not sufficiently allege a change in circumstances to permit a modification of her obligation to pay for the older child's college expenses (see Etzel [*3]v Etzel, 22 AD3d 906, 908 [2005]).
The mother also asserts that the Support Magistrate's determination that she was obligated to pay for her share of the younger child's college expenses because she impliedly consented to such child attending an out-of-state university was erroneous. We disagree. The settlement agreement provided that the consent of both parents to a child's attendance at a college was a condition precedent to each party contributing to the children's college expenses. The hearing testimony discloses that the father advised the mother that the younger child was going to attend an out-of-state university and that the mother "never withheld consent." The father also testified that, after he told the mother that the younger child was going to attend an out-of-state university, the mother never told him that she did not consent to such decision. To the extent that the mother contends that she was not adequately consulted about the younger child's decision, as the Support Magistrate found, the settlement agreement did not require that the parties consult with each other concerning where a child eventually matriculated for college. In view of the foregoing, the determination that the mother gave implied consent will not be disturbed (see Matter of Susko v Susko, 181 AD3d 1016, 1018 [2020]; Matter of Heinlein v Kuzemka, 49 AD3d 996, 997-998 [2008]).
Finally, the mother challenges the willful violation finding made against her. Although she contends that any failure to pay was not willful because she was provided with inaccurate or incomplete bills, the record belies this contention. Furthermore, in view of the finding of a willful violation, the imposition of counsel fees to be paid by the mother was mandatory (see Family Ct Act §§ 438 [b]; 454 [3]). The mother's remaining arguments have been considered and are unavailing.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The mother did not raise any argument with respect to the January 2018 order dismissing her violation petition. As such, the mother's appeal regarding such order is deemed abandoned (see Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1040 n 2 [2021]).