Matter of Brenna EE. v Andrew DD. (2023 NY Slip Op 01116)

Matter of Brenna EE. v Andrew DD.

2023 NY Slip Op 01116

Decided on March 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

533127 
[*1]In the Matter of Brenna EE., Respondent,
v
Andrew DD., Appellant. (And Two Other Related Proceedings.)

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ. 

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
Dennis B. Laughlin, Cherry Valley, for respondent.
Veronica Reed, Schenectady, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Otsego County (John F. Lambert, J.), entered February 5, 2021, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2012). In November 2020, the mother filed a petition seeking joint legal custody and primary physical custody, alleging that the father was violent and threatening toward her. A week later, the father filed a petition seeking sole legal and physical custody of the child, alleging that the mother regularly exposed the child to unsafe situations. Following a fact-finding hearing and a Lincoln hearing, Family Court found that joint custody was untenable and awarded sole legal and physical custody to the mother, with a schedule of parenting time to the father.[FN1] The father appeals.[FN2] We affirm.
The father argues that Family Court erred in granting the mother sole legal and primary physical custody of the child.[FN3] "In making an initial determination of custody, Family Court's focus is on the child's best interests, and the court must take into consideration the parents' ability to provide a stable home environment for the child, the child's wishes, the parents' past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Matter of Raynore v Raynore, 92 AD3d 1167, 1168 [3d Dept 2012] [internal citations and quotation marks omitted]; see Matter of Liska J. v Benjamin K., 174 AD3d 966, 967 [3d Dept 2019]). "Although joint legal custody is an aspirational goal in every custody matter, joint legal custody may not be feasible or appropriate in cases where the parents are unable to effectively and directly communicate with one another to care for the child's needs" (Matter of Nicole J. v Joshua J., 206 AD3d 1186, 1187 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Christina E. v Clifford F., 200 AD3d 1111, 1112 [3d Dept 2021]). "Family Court's factual findings and credibility determinations are entitled to great deference, and will not be disturbed if they have a sound and substantial basis in the record" (Matter of Brett J. v Julie K., 209 AD3d 1141, 1143 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Leslie LL. v Robert NN., 208 AD3d 1479, 1481-1482 [3d Dept 2022]).
The hearing established that the parties have an acrimonious relationship and are unable to communicate. They both acknowledged that contact between them often escalated into arguments and, at times, physical violence. Indeed, their contact has been punctuated by multiple episodes of domestic violence, some of which have occurred in front of the child. Although both parents appeared to recognize the detrimental effect that such conduct [*2]had on the child, the father attempted to minimize his behavior, as he alleged that the mother had faked one of these incidents and referred to her conduct as "comical." The record contains numerous videos capturing some of these domestic violence incidents. The videos establish that the father appears to be the primary aggressor, and he can be seen demeaning and threatening the mother several times as well as threatening and frightening the child on at least one occasion. We acknowledge that, as of the hearing, the father had begun engaging in mental health counseling and asserted that he planned to engage in anger management and parenting classes. The mother had also begun engaging in mental health counseling.
The record further reveals that the mother has been the child's primary caretaker, while the father has been the primary financial provider. The child's parent-teacher conferences and medical appointments have been attended almost exclusively by the mother, and she has also engaged the child in mental health counseling. Having reviewed the record, we find that Family Court's determination that joint legal custody was untenable and that the mother should be the child's sole legal custodian, while permitting the father direct access to the child's records, is supported by a sound and substantial basis (see Matter of Steven U. v Alisha V., 209 AD3d 1184, 1186 [3d Dept 2022]; Matter of David J. v Leeann K., 140 AD3d 1209, 1211 [3d Dept 2016]). Further, we see no reason to disturb the court's parenting schedule, which provides the father with regular and meaningful time with the child while minimizing the parties' contact (see Matter of Joseph II. v Brandy JJ., 210 AD3d 1315, 1321 [3d Dept 2022]; Matter of Damon B. v Amanda C., 195 AD3d 1107, 1110-1111 [3d Dept 2021]).[FN4]
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: On the day of the fact-finding hearing, both parents resolved Family Ct Act article 10 proceedings against them by entering admissions to neglecting the child due to the domestic violence that took place in front of her. In exchange, they each received adjournments in contemplation of dismissal and agreed to engage in various services. The parents also resolved pending cross-petitions pursuant to Family Ct Act article 8 and agreed to stay away from each other for a two-year period.

Footnote 2: During the pendency of these proceedings, the attorney for the child filed a petition against both parents alleging that each had violated terms of prior temporary orders. Family Court granted this petition and admonished both parents to follow future court orders. Although the father's notice of appeal appears to appeal from the entire order, he presents no arguments to those findings, and, as such, has abandoned any challenge to that part of the order (see Matter of Karl II. v Maurica JJ., 209 AD3d 1135, 1136 n 1 [3d Dept 2022]).

Footnote 3: The attorney for the child is in support of the mother retaining sole legal and primary physical custody.

Footnote 4: In April 2022, the parties consented to an order which provided the father with some additional parenting time. Although no written order has been drafted memorializing the terms of that proceeding, the transcript of the hearing reveals that the portions of the order challenged by the father — those which grant the mother sole legal and primary physical custody of the subject child — were not modified, superseded or vacated by the April 2022 agreement. As a result, this appeal has not been rendered moot (see Matter of Anne MM. v Vasiliki NN., 203 AD3d 1476, 1478 [3d Dept 2022]).