Matter of Justin K. v Jutonynea L. (2023 NY Slip Op 06020)

Matter of Justin K. v Jutonynea L.

2023 NY Slip Op 06020

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

CV-22-2036
[*1]In the Matter of Justin K., Appellant,
v
Jutonynea L., Respondent. (And Four Other Related Proceedings.)

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Renee J. Albaugh, Accord, for respondent.
Claudia S. Davenport, Kingston, attorney for the children.

McShan, J.
Appeal from an order of the Family Court of Ulster County (Anthony McGinty, J.), entered September 27, 2022, which, among other things, partially denied petitioner's applications, in four proceedings pursuant to Family Ct Act article 6, for custody and/or visitation of the parties' children.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two sons (born in 2016 and 2020). During the 2021 calendar year, the father filed four separate petitions seeking custody and visitation. Thereafter, the mother filed a family offense petition alleging, in sum and substance, that the father had committed various acts of domestic violence against her and the maternal grandmother.[FN1] Following a hearing concerning the five petitions, Family Court sustained the mother's family offense petition, finding that the father had committed the family offenses of harassment in the second degree, attempted assault, menacing in the third degree, strangulation in the second degree, criminal obstruction of breathing or blood circulation, and forcible touching. In turn, Family Court awarded sole legal and physical custody of the children to the mother with specified parenting time for the father. The father appeals the determination of custody.[FN2]
We affirm. "The dispositive inquiry in an initial custody determination is the best interests of the children, which requires an evaluation of various factors, such as each parent's past performance, fitness and ability to maintain a stable home environment and provide for the children's overall well-being, as well as the parents' respective willingness to foster a positive relationship between the children and the other parent" (Matter of Warda NN. v Muhammad OO., 217 AD3d 1086, 1087-1088 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Lorimer v Lorimer, 167 AD3d 1263, 1264 [3d Dept 2018], appeal dismissed & lv denied 33 NY3d 1040 [2019]). "When determining the child[ren]'s best interests, Family Court must consider the effect of domestic violence when the allegations of domestic violence are proven by a preponderance of the evidence" (Matter of Paul CC. v Nicole DD., 151 AD3d 1235, 1236 [3d Dept 2017] [internal quotation marks, ellipses and citations omitted]; accord Matter of Aimee T. v Ryan U., 173 AD3d 1377, 1379 [3d Dept 2019]). As Family Court is in a superior position relative to its ability to assess and evaluate witness credibility, its determinations in that respect, as well as the accompanying factual findings, will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1356 [3d Dept 2022]).
Turning first to the mother's allegations of domestic violence, the father contends that Family Court improperly considered that factor in its best interests analysis, as the mother failed to establish such conduct by a preponderance of the evidence. We disagree. The mother's testimony [*2]contained sufficiently detailed accounts of various instances wherein the father physically abused either the mother or the maternal grandmother and, notably, the mother recounted that such conduct had occurred in the presence of the children on several occasions. The mother also testified that the father had made various threats of violence toward the mother and her family and was often verbally abusive toward her and the children. At least one specific account of the father's violent conduct directed toward the maternal grandmother was corroborated by the grandmother's testimony. The mother also testified that the father had engaged in sexually abusive conduct toward her in the presence of the youngest child. For his part, the father denied engaging in any such conduct and, to the contrary, suggested that it was the mother who was routinely hostile toward him and had previously threatened him with physical violence. All told, the determination as to whether the allegations of domestic violence were properly established distilled to Family Court's resolution of the parties' credibility and, having resolved that issue in favor of the mother, the evidence at the hearing was sufficient to establish the domestic violence by a preponderance of the evidence (see Matter of Warda NN. v Muhammad OO., 217 AD3d at 1089-1090; Matter of Brandon QQ. v Shelby QQ., 216 AD3d 1212, 1214 [3d Dept 2023]; Matter of Stephanie R. v Walter Q., 203 AD3d 1440, 1442 [3d Dept 2022]; Matter of Adam E. v Heather F., 151 AD3d 1212, 1214 [3d Dept 2017]). Consequently, the court properly considered such acts in its best interests analysis (see Domestic Relations Law § 240 [1] [a]; see also Matter of Stephanie R. v Walter Q., 203 AD3d at 1443).
As to the remaining factors, although the mother admitted to withholding contact between the father and the children, such actions were motivated by the father's abusive conduct and inappropriate behavior toward her and the children (see Matter of Darnell R. v Katie Q., 195 AD3d 1083, 1085 [3d Dept 2021]; see also Matter of Hill v Dean, 135 AD3d 990, 992 [3d Dept 2016]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1132 [3d Dept 2010]). The record also established that the mother was the primary caretaker for the children, which entailed her assuming the entirety of their medical and educational needs. In this respect, although both parties maintained adequate living arrangements for the children, the record supports Family Court's conclusion that the mother was the better suited parent to bear the primary parenting responsibilities moving forward (see Matter of Melissa K. v Brian K., 72 AD3d at 1132).[FN3] Finally, we note that, although not determinative, the attorney for the children supported the mother's custody request at the hearing, and the attorney for the children on this appeal maintains that position (see Matter of Mary AA. v Lonnie BB., 204 AD3d 1355, 1358 n 2 [3d Dept 2022]; Matter of Herrera v Pena-Herrera, 146 AD3d 1034, 1036 [*3]n 2 [3d Dept 2017]). Assessing the record in totality, we find that Family Court's determination to grant the mother sole legal and primary physical custody is supported by a sound and substantial basis (see Matter of Adam E. v Heather F., 151 AD3d at 1214; Matter of Kylene FF. v Thomas EE., 137 AD3d 1488, 1491 [3d Dept 2016]).
Egan Jr., J.P., Clark, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother filed a family offense petition in February 2019, which resulted in a protective order in her favor. However, that matter was later dismissed when the mother failed to appear.

Footnote 2: The father's brief is limited to his assertion that Family Court erred in granting custody to the mother and, in that context, challenges the court's determination that the domestic violence allegations were properly established. As the father raises no specific challenge to Family Court's determination that he had committed the family offense and the resulting stay-away order of protection, we deem that issue abandoned (see Matter of Karl II. v Maurica JJ., 209 AD3d 1135, 1136 n 1 [3d Dept 2022]).

Footnote 3: Although the father sought joint legal custody at the hearing, he has seemingly acknowledged that the acrimonious relationship between the parties, as evidenced by the order of protection and the need to make visitation exchanges at the local police station, rendered such an arrangement unworkable (see Matter of Adam E. v Heather F., 151 AD3d at 1214). Buttressing this point, the father now requests sole legal and primary physical custody on appeal.