Matter of Robert C. v Katlyn D. (2024 NY Slip Op 04422)

Matter of Robert C. v Katlyn D.

2024 NY Slip Op 04422

Decided on September 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 12, 2024

CV-23-0284 CV-23-0285 CV-23-0318
[*1]In the Matter of Robert C., Appellant,
v
Katlyn D., Respondent. (Proceeding No. 1.) (And Three Other Related Proceedings.)
In the Matter of Katlyn D., Respondent,
v
Robert C., Appellant. (Proceeding No. 5.) (And Three Other Related Proceedings.)

Calendar Date:August 15, 2024

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Sandra M. Colatosti, Albany, for appellant.
Lisa K. Miller, McGraw, for respondent.
Andrea J. Mooney, Ithaca, attorney for the children.

McShan, J.
Appeals from three orders and four judgments of the Supreme Court (Julie A. Campbell, J.), entered January 18, 2023 and January 25, 2023 in Cortland County, which, among other things, granted petitioner's application, in proceeding No. 5 pursuant to Family Ct Act article 6, to modify a prior order of custody/visitation.
Robert C. (hereinafter the father) and Katlyn D. (hereinafter the mother) are the parents of the subject children (born in 2016 and 2018). Pursuant to a 2021 judgment of divorce, Supreme Court granted final decision-making authority and primary physical custody to the mother with alternate weekend parenting time to the father. In May 2021, the father filed three petitions for enforcement and a petition for custody modification arguing that the mother restricted his visits on two occasions and engaged in actions that alienated the father from the children. That same month, the mother answered and cross-petitioned for custody modification alleging that she had denied the father's visitation because the father was not following COVID-19 guidelines and the father did not enroll in a parenting program as required by the judgment of divorce.
In June 2021, the case was transferred from Family Court to the Integrated Domestic Violence part of Supreme Court.[FN1] Following the transfer, the mother filed another modification petition alleging, among other things, that the father violated the judgment of divorce by failing to participate in parenting classes, failing to inform the mother where the father intended to have the children spend the night during his parenting time, ending visits early, demonstrating a lack of concern for the children's health and safety and generally refusing to comply with its terms. The mother thereafter filed a second amended petition seeking, among other things, to compel the father to follow CDC guidelines specific to COVID-19, to limit phone calls between the children and the father to specified periods of time and to modify the father's parenting time to alternate Saturdays.
Following a fact-finding hearing as well as a separate hearing on the mother's requests for counsel fees, Supreme Court, in relevant part, issued a meticulous and lengthy decision granting the mother sole custody, physical placement of the children and sole decision-making authority relative to all major life decisions affecting the children's health, education and welfare, with certain supervised parenting time to the father.[FN2] As to the counsel fees, the court granted the mother's requests in part, finding that certain fees were attributable to the father's willful violation of his obligation to pay child support, and a further amount in fees was appropriate on the grounds that the father had unnecessarily and intentionally engaged in conduct that increased the mother's counsel fees. The father appeals.[FN3]
We affirm. To begin, there is no dispute that a change in circumstances has occurred since the 2021 judgment of divorce, brought on by [*2]the deterioration in the mother and the father's relationship (see Matter of Chad KK. v Jennifer LL., 219 AD3d 1581, 1582 [3d Dept 2023]). Thus, the core inquiries before us that arise from the father's custody arguments on this appeal distill to the propriety of Supreme Court's award of sole legal and physical custody of the children to the mother and, in turn, the supervisory condition on the father's parenting time. Turning first to the custodial determination, the inquiry and determination are rooted in an assessment of the best interests of the children, which entails consideration of, "among other factors, the quality of the parents' respective home environments, the need for stability in the children's lives, each parent's willingness to promote a positive relationship between the children and the other parent and each parent's past performance, relative fitness and ability to provide for the children's intellectual and emotional development and overall well-being" (Matter of Brett J. v Julie K., 209 AD3d 1141, 1143 [3d Dept 2022] [internal quotation marks and citations omitted]). Additionally, as relevant here, the court "must consider the effect of domestic violence when the allegations of domestic violence are proven by a preponderance of the evidence" (Matter of Justin K. v Jutonynea L., 221 AD3d 1335, 1336 [3d Dept 2023] [internal quotation marks and citations omitted]). "We accord great deference to the factual findings and credibility determinations of Family Court in assessing those factors and rendering its custodial determination, and we will not disturb that determination so long as it is supported by a sound and substantial basis in the record" (Matter of Matthew L. v Sierra N., 229 AD3d 866, 868 [3d Dept 2024] [citations omitted]).
At the outset, although the father argues that Supreme Court erred in awarding the mother sole legal and physical custody, he stops short of suggesting that the joint custody arrangement from their divorce agreement remains appropriate. Consistent with the parties' acknowledgment of a change in circumstances based on the severe acrimony between the father and the mother, we find that such an arrangement is indeed unfeasible (see Matter of Joshua XX. v Stefania YY., 218 AD3d 893, 896 [3d Dept 2023]; Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023]). Accordingly, the inquiry turns to which parent is best suited to have sole legal and physical custody over the children.
Turning first to the mother's allegations of domestic violence, the record establishes that the father was routinely verbally abusive with the mother and physically abusive on several occasions. Even more concerning, the father was undeterred from engaging in that abusive behavior while the children were present. Specifically, the father frequently interfered with the children's routines, disregarded court-ordered conditions on parenting time and ignored the mother's requests for information concerning the children's [*3]health, including whether they had been administered any medicine under his care. It is evident from the record that much of this behavior stemmed from his desire to undermine and antagonize the mother at every turn. As noted by Supreme Court, since the entry of the judgment of divorce, the father's own conduct had ultimately resulted in him having little contact with the children, as the court had to frequently limit his parenting time based upon his aggressive conduct. To the extent that the father disputes the mother's account and relies upon his own testimony concerning the discord between the parties, Supreme Court implicitly found the mother to be more credible and we discern no reason to reject that assessment (see Matter of Justin K. v Jutonynea L., 221 AD3d at 1336-1337). Considering the credited record evidence, we find that Supreme Court properly determined that the mother had demonstrated by a preponderance of the evidence that the father had engaged in domestic violence and, accordingly, properly considered same in its best interests analysis (see Domestic Relations Law § 240 [1] [a]; Matter of Warda NN. v Muhammad OO., 217 AD3d 1086, 1090 [3d Dept 2023]).
As to the remaining best interests factors, the record establishes that the children had lived with the mother for all of their lives at the time of the hearing and that she had always provided a safe environment for them. The mother also had primary responsibility for the children's general welfare, including their health and educational needs. All told, we find that the entirety of findings in Supreme Court's decision are fully supported, and we will not disturb the ultimate determination granting the mother physical and legal custody over the children (see Matter of Justin K. v Jutonynea L., 221 AD3d at 1337; Matter of Warda NN. v Muhammad OO., 217 AD3d at 1089-1090; Matter of Adam E. v Heather F., 151 AD3d 1212, 1214 [3d Dept 2017]; see also Pandis v Lapas, 176 AD3d 837, 839 [2d Dept 2019]).
As to the supervisory condition on the father's parenting time, which must be predicated on a finding that unsupervised parenting time would be detrimental to the children's health and safety (see Matter of David V. v Roseline W., 217 AD3d 1112, 1114 [3d Dept 2023], lv denied 40 NY3d 905 [2023]; Matter of Lynn X. v Donald X., 162 AD3d 1276, 1277 [3d Dept 2018]), we find that Supreme Court properly relied on various justifications for continuing said condition after the hearing. Specifically, the court noted the father's domestic abuse of the mother, along with examples of the father's failure to appreciate his parental duties at the expense of the children's health and safety and his unwillingness to address past substance abuse concerns. Based on the foregoing, a sound and substantial basis exists for Supreme Court's discretionary determination imposing the supervisory condition on the father's parenting time (see Matter of David V. v Roseline W., 217 AD3d at 1114; Matter of Warda NN. v Muhammad [*4]OO., 217 AD3d at 1090).
The father's contention that Supreme Court improperly denied his request for an adjournment is without merit. To begin, the father, who was now represented by his third attorney after the prior two had requested to be relieved of the representation, elected to proceed with the hearing rather than face the lengthy delay that would have resulted from the adjournment request, rendering his argument unpreserved (see generally Matter of Dyandria D., 22 AD3d 354, 355 [1st Dept 2005], lv denied 6 NY3d 704 [2006]; People v DeJesus, 240 AD2d 224, 224-225 [1st Dept 1997], lv denied 90 NY2d 903 [1997]). To the extent the father suggests that the failure to grant an adjournment resulted in deficient representation, we find that assertion unavailing. The father's third counsel, stepping in after the completion of two days of testimony, engaged in thorough cross-examination of the mother's witnesses in addition to presenting relevant testimony through the father's own witnesses. All told, there is no indication, when viewing the proceedings in totality and considering counsel's performance as a whole, that the father did not receive meaningful representation (see Matter of Laura E. v Matthew E., 226 AD3d 1117, 1118-1119 [3d Dept 2024]; Matter of Ronda A. v Jennifer A., 224 AD3d 1130, 1133 [3d Dept 2024]; Matter of Jeffery VV. v Angela VV., 176 AD3d 1413, 1417 [3d Dept 2019]).[FN4]
Finally, the father contends that Supreme Court's award of counsel fees in connection with the mother's enforcement and violation petitions was an abuse of discretion. We disagree. Initially, the fees awarded by Supreme Court in this case are predicated on two separate bases: the failure to comply with child support obligations and violations of visitation provisions. Here, the father does not contest either the finding that his failure to pay his child support obligations was willful or the amount that was ultimately attributed to the mother's counsel's efforts to procure payment, rendering that argument abandoned (see Matter of Jorge JJ. v Erica II., 191 AD3d 1188, 1190 [3d Dept 2021]). In any event, we find that Supreme Court's findings relative to the father's willful efforts to avoid fulfilling his obligations are well supported and, upon such a finding, "the imposition of counsel fees to be paid to the mother was mandatory" (Matter of Ramanath v Ramanath, 198 AD3d 1109, 1112 [3d Dept 2021]; see Family Ct Act § 438 [b]). As to the remaining fees awarded, there is no dispute that the parties' separation and settlement agreement permitted either party to seek counsel fees as part of an action to enforce the agreement. Supreme Court credited the mother's account that the father had threatened to obstruct and delay the proceedings in order to increase her counsel fees. Consistent with that threat, the record supports the court's finding that the father had routinely failed to abide by court orders, insisted that the mother acquiesce to his requests to disregard [*5]the directives in those orders on a variety of issues, provided nonsensical justifications for failing to adhere to his financial obligations pursuant to the divorce agreement and insisted that all communications between the parties, regardless of whether the subject matter was significant or benign, go through the mother's attorney (see Tsung v Tso, 190 AD3d 575, 577 [1st Dept 2021]; Matter of Viscuso v Viscuso, 129 AD3d 1679, 1683 [4th Dept 2015]; compare Assad v Assad, 200 AD3d 831, 835 [2d Dept 2021]; Matter of Lebron v Lebron, 101 AD3d 1009, 1011 [2d Dept 2012]). Accordingly, we find no justification to disturb Supreme Court's determination.
Garry, P.J., Egan Jr., Clark and Fisher, JJ., concur.
ORDERED that the orders and the judgments are affirmed, without costs.

Footnotes

Footnote 1: The mother was awarded an order of protection against the father in December 2020. That order of protection was subsequently extended on multiple occasions.

Footnote 2: During the proceedings before Supreme Court, the attorney for the children supported the mother's position on the various proceedings. The attorney for the children on appeal maintains that posture.

Footnote 3: Although the father's appeal encompasses a January 18, 2023 order dismissing his violation petitions against the mother as well as a separate order entered the same day that granted the mother an order of protection against the father, his failure to raise any argument in his brief in relation thereto renders such arguments abandoned (see Matter of Barrett LL. v Melissa MM., 224 AD3d 942, 942 [3d Dept 2024]). Similarly abandoned is any argument directed at that part of Supreme Court's order that extended the order of protection from December 2020 or the findings of contempt against him for violating the custody provisions of the parties' divorce agreement.

Footnote 4: The father's ineffective assistance argument is not directed at the performance of his two prior attorneys.