Matter of Ana J. v Nasar J.

2026 NY Slip Op 02020

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Ana J., Respondent,

v

Nasar J., Appellant. (And Two Other Related Proceedings.)

Decided and Entered:April 2, 2026

CV-25-0330

Calendar Date: February 11, 2026

Before: Garry, P.J., Aarons, Ceresia, Fisher And Mackey, JJ.

D.J. & J.A. Cirando, PLLC, Syracuse (Rebecca L. Konst of counsel), for appellant.

Christopher Hammond, Cooperstown, for respondent.

Pamela Doyle Gee, Big Flats, attorney for the child.

[*1]

Mackey, J.

Appeal from an order of the Family Court of Tompkins County (Joseph Cassidy, J.), entered August 27, 2024, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father), who were married but later separated, are the parents of the subject child (born in 2017). Pursuant to an August 2020 order entered upon consent, the parents shared joint legal custody of the child with equal parenting time. In September 2023, the mother filed a custody modification petition seeking sole custody of the child, alleging that the father had been physically abusive toward her and emotionally manipulative toward the child. The mother also filed a family offense petition alleging that, among other things, the father had committed harassment in the first or second degree. The father denied the mother's allegations, and cross-petitioned for sole custody of the child. A temporary order was subsequently issued, granting the mother sole custody of the child and limited visitation to the father. Following fact-finding and Lincoln hearings, Family Court granted the mother's family offense petition, finding that the father had committed harassment in the second degree, and an order of protection against the father was issued. The court further awarded the mother sole legal and primary physical custody of the child, with limited parenting time to the father.FN1 The father appeals.

Initially, we find that Family Court did not err in issuing an order of protection against the father. A party seeking an order of protection "bears the burden of showing by a preponderance of the evidence that the [other parent] committed one or more family offenses" (Matter of Paul Y. v Patricia Z., 190 AD3d 1038, 1042 [3d Dept 2021]; see Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 669 [3d Dept 2021]). Pertinent here, a person commits harassment in the second degree "when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" or "[h]e or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26 [1], [3]; Family Ct Act § 812). "In reviewing Family Court's determination, we pay deference to the court's factual findings and credibility determinations, and will not disturb those assessments if they are supported by a sound and substantial basis" (Matter of Samah DD. v Mark VV., 235 AD3d 1116, 1117-1118 [3d Dept 2025] [citations omitted], lv denied 44 NY3d 901 [2025]; see Matter of Holly P. v George Q., 240 AD3d 1029, 1030 [3d Dept 2025]).

At trial, the mother testified that, during their marriage, the father engaged in physical abuse against her, monitored her in the home through video surveillance [*2]without her consent, and restricted her financial freedom and her access to drive a vehicle. According to the mother, the parties briefly attempted to reconcile after their separation but that, in the fall of 2020, the father struck her in front of the child. The mother submitted photographic evidence in support of her allegations. The father wholly denied the mother's claims and, although he acknowledged having installed surveillance cameras in the home, he asserted that the same had been placed with the mother's agreement. As to the mother's claims that he had repeatedly texted her threatening or insulting messages, which she supported with documentary evidence, the father either denied the allegations or asserted that he could not recall the incidents referenced. Accepting Family Court's credibility determinations, which found the mother's account of the father's conduct to be credible and discredited the father's denials, we conclude that a preponderance of the evidence supported the determination that the father committed the family offense of harassment in the second degree (see Matter of Derek KK. v Jennifer KK., 196 AD3d at 769-770; Matter of Paul Y. v Patricia Z., 190 AD3d at 1042).

Turning to the issue of custody, "[a] party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1201 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Christine EE. v David FF., 235 AD3d 1156, 1157 [3d Dept 2025]). In rendering a best interests determination, "courts must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Michael M. v Makiko M., 238 AD3d 1304, 1306 [3d Dept 2025] [internal quotations marks and citations omitted]; see Ricky SS. v Christine SS., 241 AD3d 1009, 1011 [3d Dept 2025]). "Inasmuch as Family Court is in a superior position to evaluate witness credibility, this Court will defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of Michael M. v Makiko M., 238 AD3d at 1305 [internal quotation marks and citations omitted]; see Matter of Kyle I. v Kandice K., 232 AD3d 1074, 1076 [3d Dept 2024]).

We find ample record evidence that "the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child" so as to establish the requisite change in circumstances warranting Family [*3]Court's examination of the child's best interests (Matter of Michael M. v Makiko M., 238 AD3d at 1305 [internal quotation marks and citations omitted]; see Matter of Debra YY. v Michael XX., 234 AD3d 1021, 1022 [3d Dept 2025]; Matter of Richard CC. v Lacey DD., 230 AD3d 1389, 1390 [3d Dept 2024]). To this end, the record reflects that although the parties had equal parenting time under the prior order, the mother assumed responsibility for the child's medical care and educational matters. Moreover, at the time of the hearing, the mother had gainful employment, whereas the father had recently resigned from high-income employment and his new work as a consultant had yet to generate income. Further, Family Court credited the mother's testimony as to the father's controlling behavior, verbal abuse and several instances of domestic violence, which she largely supported with photographic and documentary evidence. In contrast, the father's allegations that the mother had failed to properly care for the child and was physically abusive toward the child were discredited by the court. Notably, when questioned as to why the father failed to report his concerns in this regard to authorities, he explained that the child's alleged injuries were "not that serious." Indeed, the mother denied the father's allegations and testified that the child was very active and would sometimes sustain minor cuts and bruises while playing. In addressing the father's submission of video evidence of the child, apparently blaming the mother for his minor injuries, the court found that there was "no other rational explanation" for the child's statements except that he "felt pressure to disparage [the] mother in order to please [the] father."

Overall, the record supports Family Court's conclusion that the father "attempted to create discord" between the child and the mother, as he struggled to parent the child without engaging in coercive behavior or disparaging the mother. The father's commission of acts of domestic violence against the mother, which were properly considered in determining the child's best interests inasmuch as such were proven by a preponderance of the evidence, further casts doubt upon his ability to facilitate a relationship between the mother and the child (see Domestic Relations Law § 240 [1] [a]; Matter of Justin K. v Jutonynea L., 221 AD3d 1335, 1337 [3d Dept 2023]; Matter of Stephanie R. v Walter Q., 203 AD3d 1440, 1443 [3d Dept 2022]). In view of the foregoing, and deferring to the court's credibility assessments, a sound and substantial basis in the record supports Family Court's award of sole custody to the mother with limited parenting time to the father (see Matter of Michelle L. v Steven M., 227 AD3d 1159, 1163 [3d Dept 2024]; Matter of Justin K. v Jutonynea L., 221 AD3d at 1337; Matter of Joshua XX. v Stefania YY., 218 AD3d 893, 899 [3d Dept 2023]).FN2 Although not determinative, we note that the attorney for the child is supportive of the custody modification[*4](see Matter of Denise VV. v Ian VV., 205 AD3d 1090, 1093 n4 [3d Dept 2022]).

Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Following an initial determination, Family Court issued a supplemental decision clarifying, at the behest of the mother's counsel, a requirement that the father engage in certain programing.

Footnote 2: We note that Family Court's order expressly provides that the father's completion of certain domestic violence training would constitute a change in circumstances for purposes of a potential future custody modification petition.